HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801]
E-mail: tmf@hassard.com

Attorneys for Defendants
DAVOL INC., BARD DEVICES INC., AND C.R. BARD, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SUTTON, an individual, and DEBORAH SUTTON, an individual, and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVOL INC., a Delaware Corporation, BARD DEVICES, INC., a Delaware Corporation, and C.R. BARD, INC., a New Jersey Corporation, JONATHAN L. SALES, M.D., an individual, BAKERSFIELD MEMORIAL HOSPITAL, a corporation, CATHOLIC HEALTHCARE WEST, a corporation, and DOES 1 through 300, inclusive,<br><br>Defendants. | No.<br><br>**DEFENDANT DAVOL INC.'S , DEFENDANT BARD DEVICES INC.'S, AND DEFENDANT C.R. BARD, INC.'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol"), Defendant Bard Devices Inc., and Defendant C.R. Bard, Inc. (collectively "Bard") hereby remove the above-captioned action from the Superior Court of California in and for Kern County, California, to this Court. In support of removal, Defendants state as follows:

/ / /

/ / /

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiffs filed their Complaint in the Superior Court of California in and for Kern County, California on or about December 5, 2007. Davol and Bard were served with the Complaint on January 28, 2008. Neither Davol nor Bard has answered Plaintiffs' Complaint.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol and Bard (including Plaintiffs' Complaint) is attached as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court of California in and for Kern County, California, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 84(b).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol or Bard, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Davol and Bard are filing a written notice of this removal with the clerk of the Superior Court of California in and for Kern County, California, where Plaintiffs' Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Davol and Bard, the only properly joined defendants. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Amount-In-Controversy Requirement Is Satisfied**

7. Davol and Bard deny Plaintiffs' claims, and while Plaintiffs seek an unspecified amount of damages, Defendants state that more than $75,000 is in controversy, therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiffs' claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was designed and sold by Davol and used in conjunction with Plaintiff Brian Sutton's hernia repair. (*See* Compl. ¶¶ 1-2.) Plaintiff Brian Sutton alleges that due to its allegedly defective design the Composix® Kugel® hernia patch failed, and, as a result, he sustained serious personal injuries which include, "life threatening physical injuries, severe emotional and mental injuries…significant [expenses] for the medical care, hospitalizations, and medications, required to treat...related pain and suffering…" (*Id.* ¶ 47). He further alleges that his "physical injuries…are severe, life threatening, and permanent and have adversely impacted the quality of his life and the life of his family," *id.* ¶ 46, and that he will continue to have pain and suffering into the future and his wife, plaintiff Deborah Sutton claims loss of consortium. (*Id.* ¶ ¶ 47-48).

8. The amount in controversy can be established by looking to the allegations in a complaint or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. *Gaus v. Miles*, 980 F.2d 564, 576 (9th Cir. 1992). Here, the amount in controversy requirement is easily met, because the types of injuries alleged in Plaintiffs' Complaint, in combination with Plaintiffs' demand for compensatory and punitive damages make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the

plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). Likewise, federal courts in analogous cases have held that the amount in controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

9. In fact, other plaintiffs have brought actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount in controversy in excess of $75,000. *See, e.g., Poston v. Davol Inc., et al.*, No. 2:07-cv-00032 (E.D. Cal.) (alleging damages "in the amount of $1,000,000,000"; plaintiff subsequently indicated there had been a clerical error, and the intended allegation was $!,000,000) (Ex. B); *cf. In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry).

**B. The Parties Properly Joined In This Action Are Completely Diverse**

10. Plaintiffs are residents and citizens of California. (*See* Compl. ¶¶ 2-3.)

11. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states, and not California. *See* 28 U.S.C. § 1332(c)(1).

12. Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey, and not California. *See* 28 U.S.C. § 1332©(1).

13. The naming of fictitious defendants, namely Does 1 through 300, is disregarded in making determinations regarding removal. *See* 28 U.S.C. § 1441(a).

/ / /

**C. The Remaining Defendants: Bakersfield Memorial Hospital's, Catholic Healthcare West's And The Doctor Defendant's Consent To This Removal Is Not Needed.**

14. Bakersfield Memorial Hospital, Catholic Healthcare West, and Dr. Jonathan Sales (collectively "Healthcare Defendants") are not proper parties to this suit, and therefore their consent to this removal is unnecessary. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the general rule requiring consent to removal "applies . . . *only to defendants properly joined* and served in the action") (emphasis added); *see also*, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties, . . . application of th[e] requirement [that the removing defendant obtain consent of all defendants] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); *Steel Valley Authority v. Union Switch & Signal Div.*, 809 F.2d 1006, 109 n.2 (3d Cir. 1987) (noting exception to general rule of unanimity, in that fraudulently joined parties need not consent to removal).

**D. Healthcare Defendants Are Procedurally Misjoined, And Their Citizenship Should Be Disregarded For Purposes of Jurisdictional Analysis**

15. The doctrine of misjoinder, applied through Rules 20 and 21 of the Federal Rules of Civil Procedure, permits the Court "to sever claims where the [plaintiff's] joinder [of parties and claims] is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 685 (D. Nev. 2004). "[W]here the non-diverse party cannot be properly joined under the Federal Rules of Civil Procedure, other interests prevail over that of permitting a plaintiff's choice of forum." *Id.*

16. The Healthcare Defendants are misjoined here, and should be severed from this action to sustain this Court's diversity jurisdiction because Plaintiffs'

claims against them do not arise from the same transaction or occurrence as Plaintiffs' claims against Davol and Bard. *See In re Guidant Defibrillators Product Liability Litigation*, Case No. 0:05-md-01708 (D. Minn. August 30, 2007) (denying plaintiff's motion to remand case back to Superior Court of Santa Clara County, California and severing the claim against physician from claims against medical device manufacturer) (Ex. C); *see also Crockett v. R.J. Reyonlds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (severing medical malpractice claim against health care provider defendants from product liability claims against product manufacturer); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 144 (S.D.N.Y. 2001) (finding, *inter alia*, that plaintiff's "additional claims against the health care provider for negligent administration of [the drug] after its withdrawal from the market do not arise out of the same transaction or occurrence as the claims against the drug manufacturer for negligent marketing and distribution and failure to warn").

17. Here, the allegations included in the Complaint against Bard and Davol are legally and factually distinct from the allegations against the Healthcare Defendants. The claims against Davol and Bard involve product-liability-related legal theories whereas the claims asserted by Plaintiffs against the Healthcare Defendants, on the other hand, involve a medical negligence claim. (*Id.*) The essence of the claims against Davol and Bard arise from the design, testing, and manufacture of the Composix® Kugel® Patch before it was implanted in Mr. Sutton. In contrast, the basis for the claims against the Healthcare Defendants arise from their negligent or fraudulent failure as health care providers to properly comply with the voluntary product recall notices provided to them, resulting in a recalled product being implanted into Mr. Sutton. The evidence on the claims against Bard and Davol and the Healthcare Defendants will be separate – manufacturer-specific evidence involving the design, testing, and manufacture of the Patch on one hand and health care provider-specific evidence regarding Plaintiffs' treatment and health care providers' response to

recall warnings on the other. This fact encourages the severance of the claims. *See Crockett*, 436 F.3d at 533.

18. Because Plaintiffs' claims against the Healthcare Defendants are separate, distinct, and severable from the claims against Bard and Davol, this Court has the discretion to grant remand with regard to the Healthcare Defendants, but to retain jurisdiction over the claims against Bard and Davol.

19. The presence of Bard or Davol is not necessary in order for Plaintiffs to effectively try their case in any potential lawsuit against the Healthcare Defendants. As such, the claims presented against the non-diverse Healthcare Defendants and Bard and Davol are improperly misjoined.

WHEREFORE, Defendant Davol Inc., Defendant C.R. Bard, Inc., and Bard Devices, Inc. respectfully remove this action from the Superior Court of California in and for Kern County, California, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: February 26, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

BY /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for Defendant DAVOL INC.
Defendant BARD DEVICES INC. and
Defendant C.R. BARD, INC.

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Defendants Davol, Bard Devices Inc., and C.R. Bard, Inc. hereby demand that this action and all issues present be tried by a jury.

Dated: February 26, 2008

Respectfully submitted,

HASSARD BONNINGTON LLP

BY /s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for Defendant DAVOL INC.
Defendant BARD DEVICES INC. and
Defendant C.R. BARD, INC.

# PROOF OF SERVICE

Case Name: **Brian Sutton et al. vs. Davol Inc. et al.**

Court: **United States District Court**
**Eastern District of California**

Case No.:

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.

3. On **February 26, 2008**, I served the following documents:

**DEFENDANT DAVOL INC.'S , DEFENDANT BARD DEVICES INC.'S, AND DEFENDANT C.R. BARD, INC.'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

4. I served the documents on the persons below as follows:

Ramon Rossi Lopez, Esq.
Lopez McHugh LLP
100 Bayview Circle
North Tower, Suite 5600
Newport Beach, CA 92660

5. The documents were served by the following means (specify):

____ **By personal service**. I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

_X_ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. (A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **February 26, 2008**

Esther Hom